CLAY, Circuit Judge,
dissenting.
In order to survive summary judgment on a mixed-motive discrimination claim, a plaintiff need only introduce sufficient evidence for a reasonable jury to conclude that (1) “the defendant took an adverse employment action against the plaintiff,” and (2) “race, color, religion, sex, or national origin was a motivating factor for the defendant’s adverse employment action.” White v. Baxter Healthcare Corp., 533 F.3d 381, 400 (6th Cir.2008). The plaintiffs task is “not onerous,” and summary judgment should only be granted to the defendant when “the record is devoid of evidence that could reasonably be construed to support the plaintiffs claim.” Id. at 400 (emphasis added). This relatively insignificant burden, which is lesser than what a plaintiff pleading a different type of discrimination claim might face, is counterbalanced by the limited relief available for mixed-motive claims. Specs v. James Marine, Inc., 617 F.3d 380, 390 (6th Cir.2010). “[T]he ultimate question is whether [Alomari] presented evidence, direct or circumstantial, from which a reasonable jury could logically infer that [his] [national origin] [was a] motivating factor[ ] in [OHS’s] decision to terminate [his] employment.” Ondricko v. MGM Grand Detroit, LLC, 689 F.3d 642, 649 (6th Cir.2012) (emphasis added). Alomari appears to have satisfied this burden.
This case is riddled with factual disputes. Alomari’s testimony, along with that of former OHS Director Overly, supports Alomari’s claims of an innocent explanation for the omissions on his application — namely, that Alomari was directed to incorporate only the most relevant employment history because the application was merely a “formality,” and OHS had previously received Alomari’s complete resume when he first applied for the contractor *575 position. Also in dispute is whether Alo-man was actually fired from Columbus State Community College — although the settlement agreement on the record should likely settle that dispute. Further, there is a legitimate question as to what OHS Director Vedra actually meant when he communicated his desire to announce to the community “that you’re in America” in connection with his selection of Alomari’s replacement. Significantly, there is the prototypical, difficult to resolve on-the-record, factual dispute involved in every mixed-motive claim: whether the employee’s protected characteristic played a role in the employer’s decision to take the adverse employment action. See Spees, 617 F.3d at 389 (“Inquiries into what motivated an employer’s decision are very fact intensive and will generally be difficult to determine at the summary judgment stage.” (internal quotation marks omitted)).
Defendants argued that Alomari’s alleged impropriety — failing to disclose that he resigned under less than auspicious circumstances — is worse than Martin’s impropriety of lying about having attended college. The majority bolsters this argument by interpreting ambiguous hearsay to find that Vedra treated Martin more favorably because whether Martin’s degrees were bogus was of little consequence to him. Even if the majority has correctly identified one of Vedra’s motivations for treating Alomari less favorably, Alomari’s claim would not be foreclosed. “Mixed-motive” means that Defendants could still be liable even if Vedra had many legitimate reasons for taking the adverse action, so long as one of his reasons was the unlawful consideration of Alomari’s Arab heritage. See Wexler v. White’s Fine Furniture, Inc., 317 F.3d 564, 571 (6th Cir.2003). Deputy Director Mack, Alomari’s direct supervisor, informed Vedra that the agency needed to treat Alomari and Martin alike because they were both deceiving the agency on their employment applications. Mack believed, based on the constant harassment and negative attention being drawn to OHS due to Alomari’s ethnicity and outreach to the Muslim community, that the decision to investigate Alo-mari and not Martin was influenced by the fact that Alomari was an Arab-American. It should be the fact-finder’s task to determine whether Mack’s belief was reasonable and supported by evidence.
Factual disputes cannot be resolved on summary judgment. Moreover, “the evidence — all of the evidence — [must] be viewed in the light most favorable to the nonmoving party.” Logan v. Denny’s, Inc., 259 F.3d 558, 568 (6th Cir.2001). Because Alomari has proffered sufficient evidence to justify submitting the non-trivial factual disputes to the jury, I respectfully dissent.